69 F.3d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph William PESCE, Petitioner-Appellant,
v.
D.J. McCARTHY; John Van De Kamp, Respondents-Appellees.
 No. 95-15516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Oct. 27, 1995.
 
 Before: SNEED, PREGERSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 In November 1982, Pesce was charged with escape, burglary, and receiving stolen property. Pesce pled guilty to the receiving stolen property charge and admitted that he had two prior serious felony convictions for burglary. ER, 143 A jury then convicted Pesce of burglary, and he pled guilty to the escape charge. ER, 122-23. Because Pesce admitted two prior "serious" felony convictions, the state court added two consecutive five-year sentences to Pesce's 3 year and 8 month sentence. ER, 12.
 
 
 3
 After exhausting his state appeals, Pesce sought habeas relief in the federal district court. The district court granted Pesce's writ of habeas corpus. The court based this ruling on its finding that Pesce had received constitutionally ineffective assistance from his appellate counsel. The district court also concluded that Pesce's admission of his prior convictions was improper because Pesce "was inadequately apprised of the consequences of such admission." ER, 75. The district court's order gave the state the option of either reversing Pesce's 1983 conviction, or granting Pesce the right to a new appeal; the state chose the latter option.
 
 
 4
 Pesce brought a new appeal, but the state appellate court reaffirmed Pesce's conviction. Pesce argued that the Fifth Amendment's double jeopardy prohibition barred the state from charging him again on the prior convictions enhancements. ER, 41-52. Without reaching this issue, the state court interpreted the district court's order as requiring it to determine whether or not Pesce's improperly received admission was prejudicial. People v. Pesce, 3 Crim C010847 slip op. at 23 (Cal.App. Jan. 13, 1993). Finding that Pesce was aware of the consequences of admitting his prior burglary convictions, the state court concluded that he had suffered no prejudice as a result of the use of the admission to enhance his sentence. ER, 147. Accordingly, the state court reinstated Pesce's sentencing enhancements. Pesce's petition for rehearing in the state appellate court was denied. Pesce then filed a petition for review with the California Supreme Court. The supreme court denied this petition.
 
 
 5
 In August 1993, Pesce filed a Motion to Compel before the district court. In this motion, Pesce asked the district court to compel enforcement of its 1991 order granting habeas relief. The California state Attorney General did not respond to this motion and in November 1994, Pesce filed a motion for default judgment.
 
 
 6
 On February 1, 1995, the district court issued an order responding to both the motion to compel and the motion for default judgment. The district court denied Pesce's motion for default, noting that there was no authority for a default judgment in a habeas corpus case. ER, 183. The district court also denied Pesce's motion to compel. ER, 187. The district court noted that the failure to advise a defendant of the consequences of an admission is not prejudicial per se; the admission can only be legally set aside if there is proof of prejudice. Id. The district court declined to interpret its own 1991 order as requiring the state appellate court to retry Pesce on his priors or vacate the sentence imposed by the trial court. Id.
 
 ANALYSIS
 A. Standard of Review
 
 7
 We review de novo the denial of habeas corpus relief. Thomas v. Brewster, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 8
 B. The district court did not err in denying Pesce's motion to compel.
 
 
 9
 There is no question that the state court improperly received Pesce's admission as to his prior convictions. This admission, upon which his sentencing enhancements rest, was improperly received because the court failed to apprise Pesce on the record of the consequences of such an admission.
 
 
 10
 We must decide whether, in spite of this error, the state court could correctly use Pesce's improperly-received admission of his prior convictions to enhance his sentence. California and federal case law are clear on this point. Under California law, the failure to advise a criminal defendant on the record of the potential sentence resulting from an admission of a prior conviction is not reversible per se; the defendant must also demonstrate prejudice. People v. Fain, 34 Cal.3d 350, 357-358 (1983); In re Ronald E., 19 Cal.3d 315, 320-21 (1977). This is also true under federal law. Steinsvik v. Vinzant, 640 F.2d 949, 955-56 (9th Cir.1980); Yellowwolf v. Morris, 536 F.2d 813 (9th Cir.1976).
 
 
 11
 The facts indicate that Pesce was not prejudiced by the state court's failure to advise him on the record of the consequences of his admission. The transcript of the proceedings that took place ten days prior to Pesce's admission of the priors shows that Pesce was present when the court discussed with his counsel that each prior would result in a five-year enhancement. ER, 6. Furthermore, as the magistrate's "Findings and Recommendations" noted, Pesce "submitted an affidavit in which he describes a conversation he had with his defense counsel in which he told counsel, prior to admitting to the priors, that he did not want to enter the pleas and 'be subject to a ten year enhancement if found guilty at trial.'...." ER, 6 at n. 7 (emphasis by state appellate court). These facts indicate that Pesce was well aware of the possible consequences attendant to his admission of his prior convictions. Accordingly, the state court's failure to inform Pesce on the record of the consequences of his admission did not prejudice Pesce. Because Pesce suffered no prejudice when he admitted his priors, we will not disturb the district court's ruling that the state court permissibly used Pesce's admission to enhance his sentence.
 
 
 12
 In reaching this conclusion, we reject Pesce's contention that the district court improperly relied on the state court's prejudice analysis. Pesce relies on Christian v. Rhode, 41 F.3d 461 (9th Cir.1994) as authority for his argument that federal courts must always conduct an independent prejudice analysis whenever a constitutional error is at issue. In Christian, this court held that where a criminal defendant has been denied his right to confrontation, the court's prejudice analysis must be made independent of the evidence that involved the confrontation violation. See Christian, 41 F.3d at 468 (explaining that harmlessness must be determined "on the basis of the remaining evidence").
 
 
 13
 The present case is distinguishable from Christian. In Christian, we sought to redress a serious constitutional violation, where the government denied a criminal defendant his Sixth Amendment right to confront a witness. Christian, 41 F.3d at 461. The error at issue here, by contrast, does not raise the same concerns present in Christian. The state court simply failed to apprise Pesce on the record of consequences that the record showed he was already well aware of.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3